UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 11-35285 |
| District Court/Agency Case Number(s): | 1:08-CV-00111-CSO |
| District Court/Agency Location: | United States District Court, District of Montana, Billings Division |
| Case Name: | Peter Goolsby v. Darren Raney, et al |
| If District Court, docket entry number(s) of order(s) appealed from: | 89; 96; 125; and 126 |
| Name of party/parties submitting this form: | Glenn Farrell and Joseph Harris |

Please briefly describe the dispute that gave rise to this lawsuit.

Peter Leroy Goolsby is a registered violent offender with an extensive criminal history including felonies, misdemeanors, probation violations and even a permanent order of protection. In 2001, Goolsby was found guilty of criminal possession of dangerous drugs and was sentenced to 15 years of confinement in the Montana State Prison with 10 years to be suspended. In 2005, Goolsby was on probation and required to report to his probation officer in Butte. When Goolsby failed to report, his probation officer revoked his probation and return him to prison. On March 29, 2006, Goolsby was arrested for his probation violation. He was incarcerated in the Gallatin County Jail until April 6, 2006, when he posted bond and promised to return to District Court on April 12, 2006, to answer to the Petition to Revoke his suspended sentence. Goolsby knew he had violated the terms of his probation. Goolsby knew he was going back to prison because of his probation violation. On April 10, 2006, the Livingston Police Department received a call from an employee of Western Drug in Livingston who had observed Peter Goolsby and his girlfriend attempt to purchase large doses of Sudafed. The chemicals contained in Sudafed are also used in the manufacture of methamphetamine. Goolsby and his girlfriend had already purchased Sudafed at Pamida and Albertsons that day. The Livingston Police Department also received detailed information about Goolsby's description and the vehicle in which he was driving. Later that same day, Livingston Police Officer Joseph Harris stopped Goolsby's vehicle after observing him swerve across the center and fog lines several times. Harris also observed that the vehicle's windshield was badly damaged. Plaintiff was arrested for driving while his privileges were suspended or revoked under Section 46-5-212 MCA. He was also cited for careless driving and failing to have a proper windshield. Captain Glenn Farrell applied for and obtained a valid search warrant from Justice Court. They found drug paraphernalia and products commonly used in the manufacture of methamphetamine. On April 12, 2006, Park County Attorney filed a Complaint in Park County Justice Court charging Plaintiff with one count of criminal possession of precursors of dangerous drugs, one count of attempted criminal production or manufacture of dangerous drugs and one count of criminal possession of dangerous drugs. The charges were ultimately dismissed in conjunction with a plea agreement that returned Goolsby to prison.

Briefly describe the result below and the main issues on appeal.

Defendants Glenn Farrell and Joseph Harris filed a Motion for Summary Judgment on immunity grounds per the Court's Scheduling Order. Defendants Darren Raney also filed a similar motion. Defendants Park County moved for summary judgment on all claims asserted by Plaintiff. On March 24, 2010, the Court granted Farrell and Harris' motion for summary judgment. The Court also granted Raney's motion as well. In the same Memorandum and Order, the Court also granted Defendants Farrell and Harris' Motion to quash a subpoena duces tecum served upon Defendants by Plaintiff in discovery. On April 3, 2010, Plaintiff filed a Motion for Reconsideration relating to the Court's decision granting the Motion to quash. Under the Local Rules, a response brief is not allowed to a Motion for Reconsideration. On April 14, 2010, the Court denied Plaintiff's Motion for Reconsideration. The main issues on appeal are: 1) whether the individual defendants are entitled to immunity under qualified immunity and state immunity under Montana law. In addition, 2) whether the Court erred in granting Defendants' Motion to quash the subpoena and denying Plaintiff's Motion for reconsideration.

On May 13, 2010, Appellees' Park County filed a Motion to Dismiss the Appeal as premature. The appellate court lacked jurisdiction since all of the claims had not been adjudicated by the District Court. Appellees' Glenn Farrell and Joseph Harris joined in with the Motion. On June 11, 2010, the Court granted Appellees' Motion to Dismiss the appeal. The matter was remanded back to the U.S. District Court, District of Montana for further proceedings. On March 4, 2011, the District Court issued its Memorandum and Order granting summary judgment to Park County and the City of Livingston on all remaining claims asserted by Plaintiff. Judgment was entered in favor of Defendants on March 4, 2011. On March 31, 2011, Plaintiff filed a notice of appeal to the 9th Circuit.

Describe any proceedings remaining below or any related proceedings in other tribunals.

None.

Provide any other thoughts you would like to bring to the attention of the mediator.

The parties did not express any interest in mediation prior to the appeal. There have not been any real settlement discussions that counsel is aware of during any part of this case. Appellees' do not believe Appellant has provided any evidence to suggest that he would prevail on appeal or that he would prevail at trial. Appellees Glenn Farrell and Joseph Harris are law enforcement officers who are well respected in their community. They have served their department with distinction and excellent performance. On the other hand, Goolsby is a known drug dealer and a violent offender. He has been in and out of prison during most of his adult life. The claims he asserts in this litigation have little merit and no credible evidence. He has no witnesses to corroborate his testimony and his account of the events is not consistent with the record. Appellees Glenn Farrell and Joseph Harris are law enforcement officers who believe they performed the arrest of Peter Goolsby and search of his vehicle and hotel room subject to a search warrant appropriately and within the bounds of the law. Counsel will participate in any mediation conference scheduled by the 9th Circuit but Appellees have no reason at this time to change their evaluation of the case.

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

**CERTIFICATION OF COUNSEL**

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature | /s/ Harlan B. Krogh

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for | Glenn Farrell and Joseph Harris

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator). Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.