CA No. 11-35285

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PETER LEROY GOOLSBY,

        Plaintiff/Appellant,

  v.

DARREN RANEY, individually and as the Chief of Police and as agent of the City of Livingston, CAPTAIN GLENN FARRELL, individually and as agent of the City of Livingston, OFFICER JOSEPH HARRIS, individually and as agent of the City of Livingston, CAPTAIN JAY O'NEILL, individually and as agent of Park County, CLARK CARPENTER, individually and as agent and Sheriff of Park County, THE CITY OF LIVINGSTON, a political subdivision of the State of Montana, PARK COUNTY, a political subdivision of the State of Montana, and JOHN DOES 1-X,

        Defendants/Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION
U.S. District Court No. CV-08-111-BLG-CSO

## BRIEF OF APPELLEES CAPTAIN GLENN FARRELL
## AND OFFICER JOSEPH HARRIS

Harlan B. Krogh
Crist, Krogh & Nord, LLC
2708 First Avenue North, Suite 300
Billings, MT 59101
Telephone: (406) 255-0400
Facsimile: (406) 255-0697
Email: hkrogh@cristlaw.com
Attorney for Defendants/Appellees
Captain Glenn Farrell/Officer Joseph Harris

(Continued on next page)

Michael J. Lilly
Berg, Lilly & Tollefsen, P.C.
1 West Main Street
Bozeman, MT  59715
Telephone: (406) 587-3181
Facsimile: (406) 587-3240
Email: mikelilly@berglawfirm.com
Attorney for Defendants/Appellees
Darren Raney and City of Livingston

Terry F. Schaplow
1700 W. Koch, Suite 11
Bozeman, MT  59715
Telephone: (406) 587-2767
Facsimile: (406) 586-4922
Email: tschaplow@gmail.com
Attorney for Plaintiff/Appellant

Steven R. Milch
Crowley Fleck PLLP
P.O. Box 2529
Billings, MT  59103
Telephone: (406) 252-3441
Facsimile: (406) 252-5292
Email: smilch@crowleyfleck.com
Attorney for Defendants/Appellees Park
County, Jay O'Neill and Clark Carpenter

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... iii

     CASES ...................................................................................... iii

     STATUTES ..................................................................................v

I.    STATEMENT OF JURISDICTION ..................................................1

II.   STATEMENT OF THE ISSUES .....................................................2

III.  STATEMENT OF THE CASE AND FACTS ...................................2

IV.  STANDARD OF REVIEW ...........................................................11

V.   SUMMARY OF THE ARGUMENT ...........................................11

VI.  ARGUMENT...............................................................................12

     A.    The District Court did not Err in Denying Goolsby's Rule 56(f) Motion. .....................................................................................12

     B.    The District Court did not Err in Finding that Farrell and Harris were Immune from Goolsby's State Claims.................................................15

     C.    This District Court did not Err in Determining that Goolsby did not Produce Evidence Sufficient Enough to Demonstrate a Constitutional Violation under § 1983 and when it determined that there was no "Clearly Established" Right at the Time of Farrell and Harris' Alleged Misconduct. ........................................................................20

          1.    Officer Harris had Particularized Suspicion to Effectuate the Traffic Stop. ..............................................................................20

          2.    Farrell and Harris had Probable Cause to Arrest Goolsby. ......22

          3.    Goolsby's Constitutional Rights were Not Violated when a Search was Conducted on the Care and Motel Room. .............23

     D.    The District Court Correctly Granted Farrell and Harris' Motion to Quash................................................................................25

VII.   CONCLUSION..............................................................................27

# TABLE OF AUTHORITIES

## CASES                                                        Page

*Alabama v. White*,
   496 U.S. 325, 110 S.Ct. 2412 (1990) ...........................................21

*Anderson v. Air West, Inc*,
   542 F.2d 522 (9th Cir. 1976) .......................................................11

*Atwater v. City of Lago Vista,*
   532 U.S. 318 (2001).....................................................................23

*Bromgard v. Montana*,
   2007 WL 2710379 (D. Mont. 2007).............................................26

*Drake v. White*,
   2009 WL 799128 (E.D.Cal. 2009) ...............................................25

*Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*,
   525 F.3d 822 (9th Cir. 2008) .......................................................13

*Hervey v. Estes*,
   65 F.3d 784 (9th Cir. 1995) .........................................................24

*Johnson v. Williams*,
   2009 WL 2244199 (D.Or. 2009) ...........................................18, 19

*Kiely Construction, LLC v. City of Red Lodge*,
   2002 MT 241, 323 Mont. 52, 57 P.3d 836 .............................18, 19

*Morris v. State*,
   2001 MT 13, 304 Mont. 114, 18 P.3d 1003 .................................21

*Posey v. Lake Pend Oreille School Dist. No. 84*,
   546 F.3d 1121 (9th Cir. 2008) .....................................................11

*Premer v. Corestaff Services, L.P.*,
   232 FRD 692 (M.D.Fla. 2005) .....................................................25

*Premium Service Corp. v. Sperry & Hutchinson Co.*,
  511 F.2d 225 (9th Cir. 1975) .........................................................................11

 *Sanchez v. City of Santa Ana*,
  936 F.2d 1027 (9th Cir. 1991) .......................................................................26

*State v. Flynn*,
  2011 MT 48, 359 Mont. 376, 251 P.3d 143 ..................................................21

*State v. Gopher*,
  193 Mont. 189, 631 P.2d 293 (1981).......................................................20, 21

*State v. Lafferty*,
  1998 MT 247, 291 Mont. 157, 967 P.2d 363 ................................................21

*State v. McBride*,
  1999 MT 127, 294 Mont. 461, 982 P.2d 453 ................................................22

*Surfvivor Media, Inc. v. Survivor Productions*,
  406 F.3d 625 (9th Cir. 2005) .........................................................................25

*Tatum v. City and County of San Francisco*,
  441 F.3d 1090 (9th Cir. 2006). .................................................................11, 12

*Trochmann v. Musselshell County et. al*,
  24 M.F.R. 422, Cause No. CV 96-134-BLG-RWA (Feb. 26, 1999) ...........22

*U.S. v. Cortez*,
  449 U.S. 411, 101 S.Ct. 690 (1981) ..............................................................20

*United States v. Stanert*,
  762 F.2d 775 (9th Cir. 1985) .........................................................................23

*Visa International Service Association v. Bankcard Holders of America*,
  784 F.2d 1472 (9th Cir. 1986) .......................................................................13

*Volk v. D.A. Davidson & Co.,*
  816 F.2d 1406 (9th Cir. 1987) .......................................................................13

iv

## <u>STATUTES</u>

28 U.S.C. § 1291 ................................................................................2

28 U.S.C. § 1331 ................................................................................1

28 U.S.C. § 1343(a) ...........................................................................1

28 U.S.C. § 1367 ................................................................................1

42 U.S.C. § 1983 ..................................................................1, 12, 27

§ 2-9-305, Mont. Code Ann. ...........................................................16

§ 2-9-305(5), Mont. Code Ann. ....................................16, 18, 19

§46-5-212, Mont. Code Ann. ...........................................................4

## I.    STATEMENT OF JURISDICTION

In the underlying action, Plaintiff/Appellant (hereinafter "Goolsby") brought an action in the Montana State 6th Judicial District Court alleging claims of false arrest, false imprisonment, malicious prosecution, Section 1983 violations, Montana Constitution violations, gross negligence, emotional distress, and punitive damages.  (Excerpts of Record ("ER") 6-25).  Goolsby named various Park County and City of Livingston law enforcement officials as Defendants.  (ER 6-7).

The Defendants removed the action to the United States District Court, District of Montana, Billings Division.  (ER 1-5).  The District Court had proper jurisdiction over the matter based upon 28 U.S.C. §§ 1331, 1343(a), 1367.  On March 24, 2011, the District Court granted summary judgment to Defendants Glenn Farrell, Joseph Harris, Darren Raney, and the Park County Defendants.  (ER 52-123).  The City of Livingston and claims regarding the condition of Goolsby's confinement at the Park County Jail remained.  (ER 123).  In the Court's same order, it also denied, in part[1], Goolsby's Rule 56(f) motion for extension of time and granted City of Livingston Police Officers Farrell and Harris' Motion to Quash and/or Protective Order for personnel documents.  (ER 122-123).

---

[1] In the District Court's Order dated March 24, 2010, the Court granted Goolsby's Rule 56(f) Motion as it related to the conditions of confinement regarding the Park County Defendants; however, the Court denied Goolsby's Rule 56(f) Motion as it related to Farrell and Harris' Motion for Summary Judgment.

Goolsby timely filed a Notice of Appeal regarding the District Court's

March 24, 2010, Order ruling on various motions; from the April 14, 2010, Order

denying Motion for Leave to File Motion for Reconsideration, from the March 14,

2011, Order addressing Defendants' summary judgment motions, and from the

March 4, 2010, Judgment. (Appellant's Excerpt of Record ("AER") 1-2). The

jurisdiction for this Court is predicated upon 28 U.S.C. ¶ 1291.

## II.    STATEMENT OF THE ISSUES

A.    Whether the District Court correctly denied in part, Goolsby's Rule 56(f)

Motion as a result of his failure to demonstrate that further evidence existed to

respond to Farrell and Harris' Motion for Summary Judgment.

B.    Whether the District Court correctly granted Farrell and Harris' Motion for

Summary Judgment when it held Farrell and Harris were immune from any

claims asserted by Goolsby.

C.    Whether Farrell and Harris' Motion to Quash and/or Protective Order

regarding the discovery of personnel files was correctly granted.

## III.    STATEMENT OF THE CASE AND FACTS

Goolsby is a registered violent offender with an extensive criminal history

including felonies, misdemeanors, probation violations and even a permanent order

of protection. (ER 126). In 2001, Goolsby was found guilty of criminal

2

possession of dangerous drugs and was sentenced to 15 years of confinement in the

Montana State Prison with 10 years to be suspended.  (ER 126).  In 2005, Goolsby

was on probation and required to report to his probation officer in Butte.  (ER 126).

 When Goolsby failed to report, his probation officer sought to revoke his

probation and return him to prison.  (ER 126-127).  On March 29, 2006, Goolsby

was arrested for his probation violation. (ER 127).  He was incarcerated in the

Gallatin County Jail until April 6, 2006, when he posted bond and promised to

return to District Court on April 12, 2006, to answer to the Petition to Revoke his

suspended sentence.  (ER 127).  Goolsby knew he had violated the terms of his

probation.  (ER 127-128).  Goolsby knew he was going back to prison because of

his probation violation.  (ER 128).

On April 10, 2006, the Livingston Police Department received a call from an

employee of Western Drug in Livingston who had observed Peter Goolsby and his

girlfriend attempt to purchase large doses of Sudafed.  (ER 128-129).  The

chemicals contained in Sudafed are also used in the manufacture of

methamphetamine.  (ER 128).  Goolsby and his girlfriend, Daphne Peck, had

already purchased Sudafed at Pamida and Albertsons that same day.  (ER 128).

The Livingston Police Department also received detailed information about

Goolsby's description and the vehicle in which he was driving.  (ER 128).

Later that same day, Livingston Police Officer Joseph Harris observed Plaintiff driving in the same vehicle within the city limits. (ER 129). Harris followed Goolsby's vehicle onto Interstate 90 traveling west. (ER 129). Harris observed Goolsby's vehicle swerve and cross the center and fog lines several times. (ER 129). Harris also observed that the vehicle's windshield was badly damaged. (ER 129). Harris stopped the vehicle near Exit 333 on Interstate 90 on reasonable suspicion of careless driving. (ER 129). Appellant Peter Leroy Goolsby was driving the vehicle. (ER 129). Daphne Peck, the owner of the vehicle, was a passenger along with Chris Schlaht. (ER 129).

Goolsby produced three temporary driver's licenses, but not a permanent one. (ER 129). Officer Harris confirmed with dispatch that Goolsby's license had recently been suspended. (ER 130). Daphne Peck could not produce proof of insurance at the time of the traffic stop. (ER 130). Goolsby was arrested for driving while his privileges were suspended or revoked under Section 46-5-212 MCA. (ER 281). He was also cited for careless driving and failing to have a proper windshield. (ER 130). The vehicle was temporarily impounded until a search warrant was lawfully obtained. (ER 131).

Captain Glenn Farrell of the Livingston Police Department ("LPD") applied for and obtained a valid search warrant from Justice Court. (ER 132). In support

4

of the search warrant, the affidavit identified that Farrell was a Captain with the LPD, and had received training in illegal drug identification, drug paraphernalia, and drug trafficking; that Carla Fenton provided the LPD with information that Goolsby and an unknown female had attempted to buy Sudafed at Western Drug; that Fenton had called and been informed by two other pharmacies in Livingston that Goolsby had purchased Sudafed from them earlier in the day; and that Fenton had observed Goolsby leave Western Drug in a burgundy colored, early 1990's model Ford Explorer. (ER 178). After the judge signed the search warrant, law enforcement officers searched the subject car and a motel room rented by Goolsby. (ER 132, 183-184). They found drug paraphernalia and products commonly used in the manufacture of methamphetamine. (ER 132-133). Goolsby was currently on probation serving the suspended portion of his original sentence. (ER 126). Goolsby was subject to warrantless searches. (ER 126). Goolsby also underwent a urinalysis test conducted by a probation officer. (ER 131). The urinalysis tested positive for methamphetamine. (ER 131). Thereafter, the Probation and Parole Department issued an Authorization to Pick Up and Hold Probationer for Pete Goolsby. (ER 131). Under Montana law, a probationer suspected of violating his probation may be arrested without a warrant and held for 72 hours. (ER 131).

5

On April 12, 2006, Park County Attorney filed a Complaint in Park County Justice Court charging Goolsby with one count of criminal possession of precursors of dangerous drugs, one count of attempted criminal production or manufacture of dangerous drugs and one count of criminal possession of dangerous drugs. (ER 134). A warrant was immediately issued for Goolsby. (ER 134). Subsequently, an

Information was filed charging Goolsby with the drug related crimes described above. (ER 135). During this same time, Goolsby was incarcerated pursuant to warrants of arrest issued by the Montana Eighteenth Judicial District Court, Gallatin County for revocation of his suspended sentence and for newly filed felony charges in Park County. (ER 135). Prosecutors filed a Verified Petition to revoke Goolsby's suspended sentence and appearance bond. (ER 172, 182-185). On April 12, 2006, an Order was issued to revoke Goolsby's appearance bond. (ER 135). Thereafter, Goolsby remained incarcerated in the Park County Detention Center pursuant to an arrest warrant and the Order revoking his bond on the Petition to Revoke his suspended sentence. (ER 173).

In June 2006, another criminal charge was filed against Goolsby. On June 21, 2006, an Information was filed in the Montana Eighteenth Judicial District

Court, Gallatin County charging Goolsby with Assault with a Weapon, a felony.

(ER 135-136).  On June 22, 2006, a bench warrant was issued by the District Court

to arrest Goolsby on the charge of Assault with a Weapon, a felony.  (ER 136).  At

that time, Goolsby was being held on two arrest warrants and a Petition to revoke

his

suspended sentence.  (ER 283).

Brett Linneweber, County Attorney for Park County, was responsible for the

criminal prosecutions brought by his office.  (ER 348-349).   Linneweber was

directly involved as the lead prosecutor in the underlying criminal matter entitled

*State of Montana v. Pete Goolsby*, DC 06-43, Montana Sixth Judicial District

Court, Park County.  (ER 349).  As Park County Attorney, Linneweber either

personally or through his staff requested from law enforcement all information

relating to the investigation and arrest.  (ER 349).  Linneweber was provided all of

the investigative materials from the City of Livingston Police Department relating

to the arrest of Peter Goolsby and the contents of the search conducted pursuant to

a search warrant on or about April 10, 2006.  (ER 349).  As the prosecutor,

Linneweber is solely responsible for responding to motions to compel, orders of

the Court and any discovery obligations under Montana law.  (ER 349).  On May

16, 2006, Jami Rebsom, criminal defense attorney for Peter Goolsby, filed a

7

Motion for Discovery, asking for investigative reports and "potential witnesses on behalf of the state." No audio or video tapes were requested. (ER 349). On May 17, 2006, an Order was entered granting the motion. Investigative reports and witnesses were disclosed by Linneweber's office to Pete Goolsby's criminal defense attorney. (ER 349-350). Ms. Rebsom requested in a letter to Linneweber for the taped interview with Daphne Peck. In an undated letter, Rebsom requested additional discovery, including Goolsby's certified driving record, photographs of the vehicle, criminal histories of Peck and Schlaht, and Officer Harris' personnel file. She also requested the following: "Any audio or video tapes that are involved in this case. Officer Harris indicates that it was recorded." (ER 350).

On August 22, 2006, Rebsom filed a Motion to Compel, which included "[a]ny and all audio and/or video tapes of the stop, arrest, and interviews of witnesses." (ER 350). On September 7, 2006, an Order was entered by the District Court granting the motion. The Order provided "that the State shall provide the discovery requested in the Defendant's Motion to Compel by the 29th day of September, 2006." (ER 350). Linneweber sent a Memo addressed to Jami Rebsom, criminal defense attorney for Pete Gooslby, dated September 29, 2006. (ER 351). Linneweber's Memo was sent to Ms. Rebsom in response to the Order to Compel dated September 7, 2006. (ER 353-354). In his Memo, he specifically

8

identified the discovery materials that were being enclosed and he further advised Ms. Rebsom that videotape was available for her review and in the event she wanted her own copy, he asked that she supply his office with a blank tape. (ER 353-354). The records reflect no request was ever made to Linneweber's office for viewing or for a copy. (ER 350). Based upon Linneweber's review of the records and recollection, he believes he fully complied with all Orders from the District Court regarding the production of evidence to defense counsel in the matter entitled *State of Montana v. Pete Goolsby*, DC 06-43, Montana Sixth Judicial District Court, Park County. (ER 349).

City of Livingston Police Officers Glenn Farrell and Joseph Harris had no involvement in the production of discovery materials to the criminal defense attorney during the criminal prosecution of Pete Goolsby. (ER 350). Officers Farrell and Harris assisted the Police Department in providing Brett Linneweber, Park County Attorney, the entire contents of the investigative file regarding the arrest of Pete Goolsby on or about April 10, 2006. (ER 357, 361). The materials provided to the County Attorney's office included but were not limited to all police officer written reports, the in-car video showing the pursuit and traffic stop, the video tape of Daphne Peck's interview, and all evidence that was found in conducting the search pursuant to the Search Warrant dated April 10, 2006. (ER

357, 361). Farrell and Harris were never asked to provide any additional information to either the Park County Attorney's office or any criminal defense attorney during the prosecution of Pete Goolsby. (ER 357, 361). In addition, Farrell and Harris were not aware that any motions to compel to produce evidence were filed by any attorney. (ER 357, 361). Farrell and Harris were not aware of any requests by defense counsel to the County Attorney's office for additional evidence. (ER 357, 361). Farrell and Harris were not aware of any Orders that were issued by the Court in the underlying criminal prosecution. (ER 359-358, 361).

During the discovery process in Goolsby's criminal case, the prosecution offices of Park County and Gallatin County cooperated in formulating a global plea agreement with Goolsby to resolve all of the pending charges against him. Under the agreement, all of the newly filed charges in Park and Gallatin County would be dismissed in exchange for Goolsby pleading guilty to the revocation of his suspended sentence. (ER 283). That plea agreement was accepted by Goolsby's criminal attorneys. (ER 283). On November 1, 2006, the Information filed against Plaintiff in Park County was dismissed without prejudice in anticipation of the completion of a global plea agreement. (ER 283-284). On December 11, 2006, Goolsby pled guilty to the Petition to Revoke his suspended sentence. (ER 284).

10

On January 2, 2007, in conjunction with the plea agreement, Goolsby was sentenced to incarceration at the Montana State Prison for the remainder of his original sentence.  (ER 284).  On January 29, 2007, and in conjunction with the plea agreement, the Park County Attorney requested the charges against Plaintiff to be dismissed with prejudice.  (ER 284).

## IV.   <u>STANDARD OF REVIEW</u>

The abuse of discretion standard is employed, as to Goolsby's appeal of the District Court's Order denying Goolsby's Rule 56(f) Motion and his appeal regarding the District Court's Order granting Farrell and Harris' Motion to Quash and/or Protective Order.  *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  The abuse of discretion standard provides that the trial court's exercise of discretion should not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Anderson v. Air West, Inc*, 542 F.2d 522, 524 (9th Cir. 1976) (citations omitted).  A district court's decision to grant summary judgment in favor of Farrell and Harris is reviewed de novo.  *Posey v. Lake Pend Oreille School Dist. No. 84*, 546 F.3d

11

1121, 1126 (9th Cir. 2008).

## V.    SUMMARY OF THE ARGUMENT

Goolsby has failed to present evidence or law demonstrating that the Court abused its discretion in denying Goolsby's Rule 56(f) Motion in part and granting Farrell and Harris' Motion to Quash and/or for Protective Order. In fact, Goolsby reiterates his previous arguments and fails to show how the District Court abused its discretion in its rulings. Goolsby never presented the requisite evidence for the Court in support of his Rule 56(f) Motion or in response to Farrell and Harris' Motion to Quash.

In granting Farrell and Harris' Motion for Summary Judgment, the Court properly concluded that state immunity existed for both officers and that no constitutional rights were violated under Section 1983. It is undisputed that Farrell and Harris are immune from suit based on Montana statutory and case precedent. Even analyzing the evidence in the light most favorable to Goolsby, there was no credible evidence to support his claims. Thus, the District Court properly granted Farrell and Harris' Motion for Summary Judgment.

## VI.    ARGUMENT

### A.    The District Court did not Err in Denying Goolsby's Rule 56(f) Motion.

Goolsby's bald conspiracy theory arguments are not sufficient to overcome

the abuse of discretion standard that is needed to reverse the District Court's Order denying Goolsby's Rule 56(f) Motion in part. It is well known that, "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Goolsby had the burden to identify such, and he failed to meet his burden.

As the District Court correctly cited, when asserting a rule 56(f) motion, the party requesting the continuance must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp*., 525 F.3d 822, 827 (9th Cir. 2008). "Courts will deny Rule 56(f) motions where the moving party's evidence affirmatively negates the factual issues which the opposing party claims remain controverted." *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1416 (9th Cir. 1987). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. *Visa International Service Association v. Bankcard Holders of America*, 784 F.2d 1472, 1475 (9th Cir. 1986).

13

In partially denying Goolsby's Rule 56(f) Motion, the Court stated Goolsby did not meet his burden by showing the sought-after facts in opposing the summary judgment motion. (ER 119). Although Goolsby alludes to chain of custody evidence in support of his motion, he does not offer any "substantial evidence" supporting his allegation of Farrell and Harris' failure to turn it over. (ER119-120). The Court correctly noted that only Goolsby's criminal defense counsel and the Park County Attorney had personal knowledge of the discovery. (ER 120). Goolsby was unable to direct the District Court to any could-be evidence supporting his allegations. Appellees Farrell and Harris to the contrary, demonstrated through the affidavit of Brett Linneweber that all the evidence was available to the defense counsel. (ER 333). Goolsby's conspiracy arguments hold no water, as Farrell and Harris were not obligated nor did they participate in the discovery process during the prosecution of the underlying criminal charges.

Goolsby's reliance on the videotapes was properly repudiated by the District Court. In describing the events regarding prosecutorial evidence, Goolsby conveniently omits facts surrounding the video tapes, discovery and the plea agreement. In fact, Goolsby and his current counsel have no personal knowledge of the events that transpired, nor can they point to any evidence in support of his allegations. The videotapes were not withheld in the criminal prosecution, they

14

were offered to Goolsby's former criminal defense counsel in the criminal

prosecution over three years ago. Park County Attorney Brett Linneweber sent

Goolsby's criminal defense attorney Jami Rebsom a Memo dated September 29,

2006, in which he described all of the discovery materials he was providing her in

response to the Court's Order to compel. (ER 350). In that same Memo,

Linneweber states as follows: "VIDEO TAPE AVAILABLE FOR YOUR

REVIEW. IF YOU DESIRE A COPY, PLEASE SUPPLY OUR OFFICE WITH A

BLANK TAPE FOR COPY TO BE MADE." (ER 354). Neither Goolsby, nor his

criminal defense attorney ever contacted the prosecutor or supplied a blank tape to

the Park County Attorney in order to make a copy of the video tape. (ER 350).

Moreover, Jami Rebsom never requested to view the video tape at the Park County

Attorney's office. (ER 350). Officers Farrell and Harris were not "the

prosecution" in any criminal matters brought against Goolsby in Park County. (ER

357-358). It follows then that these Appellees cannot be accused of failing to do

something a prosecutor is responsible to do. (ER 349-350). As a consequence,

any alleged failure of the prosecution to comply with a motion to compel cannot be

the basis for imposing liability on the Individual Appellees.

Goolsby's lack of crucial evidentiary support in his Rule 56(f) Motion

demonstrates that Goolsby did not meet his burden. Furthermore, Farrell and

15

Harris' Motion for Summary Judgment specifically addressed immunity. (ER 285-292). Goolsby did not seek additional time to conduct discovery to respond to such arguments addressing immunity. (ER 364-365).

**B.**     **The District Court did not Err in Finding that Farrell and Harris were Immune from Goolsby's State Claims.**

The District Court correctly concluded that there were no genuine issues of material fact regarding Farrell and Harris' scope of actions arising in the course and scope of their employment. Goolsby argues that certain allegations in his First Amended Complaint are sufficient to create a genuine issue of material fact; however, Goolsby's pleading contradicts other allegations asserted. (ER 43, 45, 51).

It is well known in Montana that in an action against a governmental entity, like the City of Livingston and individual employees like Farrell and Harris, the employees whose conduct gave rise to the suit are immune from liability if the governmental entity acknowledges that the conduct upon which the claim is brought arises out of the course and scope of the employees' employment. Mont. Code Ann. § 2-9-305(5). In determining that Farrell and Harris were immune from liability, the District Court correctly relied upon the provisions of Mont. Code Ann. § 2-9-305. First, Goolsby had named the governmental entity, City of Livingston,

16

as well as the individual Appellees to trigger subsection (5) of § 2-9-305, MCA. Then, the governmental entity and/or Goolsby had to recognize the individual Appellees as acting within the course and scope of their employment.

Farrell and Harris are immune from Goolsby's state claims, as they were acting within the course and scope of their employment. It is undisputed that Goolsby's First Amended Complaint specifically named the City of Livingston, Park County and individual employees working within those governmental entities. (ER 27-29). In considering whether either the City of Livingston or Goolsby recognized that Farrell and Harris were acting within the course and scope of their employment during all times noted in the Complaint, the District Court analyzed Goolsby's First Amended Complaint and the City of Livingston's pleadings. (ER 65-67). The District Court correctly stated, "Goolsby specifically alleged both in his original complaint and in his First Amended Complaint that the individually named Defendants (Appellees) acted 'within the scope of their duties of employment' with respect to 'each and every act and/or omission attributable to the individual Defendants.'" (ER 79). Furthermore, all Appellees admitted that their employees were acting within the course and scope of their employment at all relevant times. (ER 79-80).

In Goolsby's response to Farrell and Harris' summary judgment motion,

17

Goolsby was given the opportunity to respond to Farrell and Harris' argument that their actions fell within the course and scope of their employment. (ER 316-317). Goolsby's response regarding allegations of malicious conduct was not supported by any facts and both Goolsby and the requisite Appellees agreed that at all times relevant to the Complaint, the individual Defendants (Appellees) were acting within the course and scope of their employment. (ER 316-317). In Goolsby's response brief to Farrell and Harris' Motion for Summary Judgment, Goolsby argued that in his Complaint, there was a claim that the individual police officers acted outside the course and scope of their employment; however, Goolsby failed to direct the Court to any evidence or allegation of such. (ER 316-317). Goolsby's statement that in paragraph 102 of the First Amended Complaint, he claimed the individual police officers' conduct fell outside the scope of employment is without merit. Goolsby's punitive damage claim is not enough to overcome his earlier allegations that the individual Defendants were acting within the course and scope of their employment. That fact, coupled with the City of Livingston's acceptance of Farrell and Harris' actions as employment related demonstrates that no genuine issues of material fact precluded the finding of summary judgment in favor of Farrell and Harris.

        In addition to Farrell and Harris' acts falling within the course and scope of

their employment, Montana law also precludes double recovery from a governmental entity and individuals acting on behalf of the entity. *Kiely Construction, LLC v. City of Red Lodge*, 2002 MT 241, 323 Mont. 52, 57 P.3d 836. In *Kiely Construction*, the Supreme Court specifically held that the first sentence of § 2-9-305(5), MCA, is "a complete bar" to recovery from both a governmental entity and an individual or individuals acting on behalf of the entity for the same subject matter. *See Kiely Const.*, ¶¶ 88-89. Therefore, in *Kiely Construction*, the Supreme Court ruled it was proper for the District Court to dismiss the claims against the individual defendants pursuant to a motion for summary judgment. *Id.* at ¶ 90. The Supreme Court determined the recovery the plaintiff in *Kiely Construction* sought against both the City of Red Lodge and the individuals arose out of the same subject matter – the allegedly improper conditional approval of the plaintiff's development plan. *Id.* at ¶ 88. Plaintiff's causes of action all turned on the actions performed by the individually named defendants; those individuals' actions provided the factual basis for the plaintiff's claims for damages. *Id.* The Supreme Court further determined the "intent behind § 2-9-305(5), MCA, is to prevent a plaintiff from recovering from *both* the governmental entity and the individuals acting on behalf of that entity for the same conduct." *Id.*

Goolsby plainly attempted to recover damages against both the City of

Livingston and some of its employees by reason of the same subject matter, i.e., the alleged negligence, intentional conduct and constitutional violations in arresting, prosecuting and detaining Goolsby. Goolsby's claims against the individual City employees Farrell and Harris and against the City of Livingston undisputedly turn on the individual police officer's actions. (ER 125). Just as in *Kiely Construction*, all of Goolsby's claims against the individual police officers allege the same subject matter as the claims against the City, and also seek the same damages. Thus, Goolsby is not entitled to recover from Farrell and Harris and the City of Livingston.

**C.** **This District Court did not Err in Determining that Goolsby did not Produce Evidence Sufficient Enough to Demonstrate a Constitutional Violation under § 1983 and when it determined that there was no "Clearly Established" Right at the Time of Farrell and Harris' Alleged Misconduct.**

**1.** **Officer Harris had Particularized Suspicion to Effectuate the Traffic Stop.**

No genuine issues of material fact exist regarding Goolsby's constitutional rights during his traffic stop. The District Court correctly found that Officer Harris' reason for the initial traffic stop was that the vehicle Goolsby was driving

was weaving and had crossed over the center and fog line. (ER 84). Goolsby

admitted that he weaved across the center or fog line a couple of times prior to the

stop. (ER 84).

In *State v. Gopher*, 193 Mont. 189, 194, 631 P.2d 293, 296 (1981), the

Montana Supreme Court adopted a two-part test articulated by the United States

Supreme Court in *U.S. v. Cortez*, 449 U.S. 411, 101 S.Ct. 690 (1981) to evaluate

whether a police officer had a particularized suspicion to make an investigatory

stop. A court should look to: (1) objective data from which an experience officer

can make certain inferences; and (2) a resulting suspicion that the occupant of a

certain vehicle is or has been engaged in wrongdoing or was a witness to criminal

activity. *Gopher*, 193 Mont. at 194, 631 P.2d at 296. Furthermore, the totality of

circumstances should be considered when assessing particularized suspicion.

*Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412 (1990).

Goolsby's vehicle weaving several times across the centerline and fog line in

addition to his visibly severely broken windshield, both of which were admitted by

Goolsby were enough to establish particularized suspicion for the traffic stop.

Goolsby's reference to *Morris v. State* and *State v. Lafferty* are unfounded. Both of

those cases have been criticized by the Montana Supreme Court. *State v. Flynn*,

2011 MT 48, ¶ 10, 359 Mont. 376, 251 P.3d 143. The Montana Supreme Court

has never laid down a bright-line rule that it is not "illegal" to drive over a fog line. *Id*. at ¶ 9. Therefore, the argument that crossing over a fog line does not give rise to the level of suspicious conduct justifying a traffic stop is not valid. *Id*. Furthermore, the Court stated that both *Morris* and *Lafferty* used "flawed approaches to particularized suspicion." *Id.* at ¶10. Thus, Goolsby's reliance on those two cases is misplaced.

Goolsby relies on his flawed reasoning throughout his Ninth Circuit appeals brief. Appellant's Br. p. 35. In particular, Goolsby states that his arrest was not valid and the pretext stop was not valid as a result of the invalid underlying stop. *Id*. Particularized suspicion was established for the underlying stop based on the objective data and totality of the circumstances: (1) the undisputed badly damaged windshield; (2) the vehicle cross over/touch the center and fog lines; and (3) driving erratically. Goolsby has admitted to some of those circumstances and has put forth Montana case law that has been overturned. Thus, particularized suspicion existed at the time Goolsby was stopped.

### 2. **Farrell and Harris had Probable Cause to Arrest Goolsby.**

Under Montana law, probable cause "exists if the facts and circumstances within an officer's personal knowledge or imparted to the officer by a reliable source are sufficient to justify a belief in a reasonable person that the suspect has

committed an offense." *State v. McBride*, 1999 MT 127, ¶ 14, 294 Mont. 461, 982 P.2d 453 (citations omitted). Furthermore, "conclusive evidence of guilt is not necessary to establish probable cause." *Trochmann v. Musselshell County et. al*, 24 M.F.R. 422, Cause No. CV 96-134-BLG-RWA (Feb. 26, 1999) (citations omitted). As with particularized suspicion, courts look to the totality of the circumstances as they appeared to the arresting officers at the time to determine whether probable cause existed. *Id.* at 430. Goolsby's only defense to his arrest is that the initial stop was invalid, so the arrest was invalid. Appellant's Br. p. 35. Goolsby's license was suspended, the Livingston Police Department was advised of reliable information from an employee of Western Drug, that Goolsby and his girlfriend had attempted to purchase large quantities of Sudafed that day and that Goolsby was driving a burgundy Ford Explorer with a severely damaged windshield. (ER 128).

Goolsby solely relies on the underlying traffic stop, and thus, cannot overcome the totality of the circumstances that existed at the time Goolsby was arrested. As the District Court stated, under *Atwater v. City of Lago Vista,* 532 U.S. 318, 354 (2001), these facts clearly demonstrate that the Officers had probable cause and Goolsby's constitutional rights were not violated with his arrest.

### 3.     Goolsby's Constitutional Rights were Not Violated when a Search

**was Conducted on the Car and Motel Room.**

Goolsby fails to demonstrate how the alleged invalid search warrant violated his Fourth Amendment rights. The Fourth Amendment is only violated when a facially valid search warrant contains, "deliberate or reckless omissions of facts that tend to mislead." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). A plaintiff can survive summary judgment on a defendant's claim for immunity only "if the plaintiff can both establish a substantial showing of a deliberate falsehood or reckless disregard and establish that, without the dishonesty included or omitted information, the magistrate would not have issued the warrant." *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995).

Here, Goolsby fails to cite the standard regarding a violation of his Forth Amendment rights, and fails to direct the Court to evidence in support of the standard. Officer Farrell contacted Park County Attorney Brett Linneweber who prepared a search warrant to ascertain a valid search warrant. (ER 88). In support of the warrant, probable cause was shown based on: Farrell's training in illegal drug identification, drug paraphernalia and drug trafficking; Carla Fenton's call to the LPD with information that Goolsby and an unknown female attempted to buy Sudafed; Goolsby's attempted to purchase Sudafed at two other pharmacies; and Fenton's observation that Goolsby was leaving Western Drug in a burgundy

24

colored, early 1990's model Ford Explorer. (ER 88). Furthermore, Goolsby tested

positive for methamphetamine. (ER 89). The search subsequently uncovered large

quantities of ingredients commonly used for the manufacture of methamphetamine

and instruments and equipment commonly used in the manufacture of

methamphetamine in his possession. (ER 132).

Farrell's experience coupled with the information that was provided to him

by Harris was more than what was needed to obtain a valid search warrant.

Goolsby's allegations that the application failed to note that the car belonged to

Peck or that Harris falsely stated that he recognized the driver as Pete, are not

enough to demonstrate a violation of Goolsby's Fourth Amendment rights.

Goolsby has not and cannot demonstrate that Farrell deliberately or recklessly

falsified the application for the search warrant. Goolsby further has not

demonstrated that the district court judge would not have issued the search warrant

without the alleged omissions and false information. Therefore, in effectuating the

search, Goolsby's constitutional rights were not violated.

D. **The District Court Correctly Granted Farrell and Harris' Motion to Quash.**

Goolsby has failed to provide the requisite showing that Farrell and Harris'

personnel files were relevant to his claims. The District Court has broad discretion

25

to prohibit the discovery and introduction of irrelevant evidence. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 629-630 (9th Cir. 2005). The question is whether the requested personnel files are relevant. *See* Rule 26(b), F.R.Civ. P.; *see also Johnson v. Williams*, 2009 WL 2244199*2 (D.Or. 2009) (personnel files not reasonably calculated to lead to the discovery of admissible evidence); *Drake v. White*, 2009 WL 799128*2 (E.D.Cal. 2009) (same); *Premer v. Corestaff Services, L.P.*, 232 FRD 692, 693 (M.D.Fla. 2005) (same).

Goolsby's request for Farrell and Harris' personnel files was not relevant in this matter. Federal common law recognizes a qualified privilege for official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991) (citations omitted). Government personnel files are considered official information. *Id.* (citations omitted). In *Sanchez*, the Court found that discovery requests relevant, yet the confidential nature of the employee personnel files suggested that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation. *Id.* at 1034. Also, the files contained additional confidential information irrelevant to the lawsuit. *Id.*

Likewise, in the case of *Bromgard v. Montana*, 2007 WL 2710379 (D. Mont. 2007), the Court determined that a defendant's personnel records including

employment records, testing records and investigation files all warranted protection to help the subject in the documents avoid harassment, embarrassment, annoyance, identity theft, and other harm. *Id*. at 14. The same reasoning described in the *Sanchez* and *Bromgard* decisions applies in this case and the District Court correctly determined that Goolsby failed to explain how the information he sought was relevant. In Goolsby's opening appeals brief, he fails yet again to indicate why such records are relevant to this matter. Thus, the District Court did not err in asserting its "broad discretion" to determine that Farrell and Harris' Motion to Quash and/or Protective Order was granted.

## VII.   CONCLUSION

Goolsby has presented no admissible evidence demonstrating that any genuine issues of material facts exist affecting the officers' immunity. Farrell and Harris acted within the course and scope of their employment and Goolsby has admitted such. Under Montana law, municipal employees Glenn Farrell and Joseph Harris are entitled to immunity. Goolsby's other accusations regarding Farrell and Harris are baseless and are not supported by any evidence. Goolsby's reliance on any "would be" evidence in support of his Rule 56(f) Motion is improper, as he has failed to identify what evidence he seeks and the District Court properly denied his motion. Farrell and Harris acted within the course and scope

of their employment and Goolsby has admitted such. Furthermore, under Section 1983, Goolsby has admitted to facts that demonstrate that the officers had particularized suspicion to stop Goolsby; the officers had probable cause to arrest him; and lastly, the search warrant obtained was properly executed. Goolsby cannot escape his own admissions and the corroboration in support of a valid stop, arrest and search. Thus, as Goolsby's constitutional rights were not violated, his Section 1983 claim fails.

As such, the District Court properly granted summary judgment to Farrell and Harris on all of Goolsby's claims. Finally, Farrell and Harris' Motion to Quash was properly granted, as Goolsby failed to provide reasoning as to why Farrell and Harris' personnel records were relevant to this matter. The Court properly granted the Officer's Motion to Quash and/or Protective Order. Appellees respectfully request the Appeals Court to affirm the District Court's decisions on all Orders.

DATED this 13th day of October, 2011.

CRIST, KROGH & NORD, LLC

By: _/s/ Harlan B. Krogh_____
Harlan B. Krogh
2708 First Avenue North, Suite 300
Billings, MT 59101
Attorney for Defendants/Appellees Captain
Glenn Farrell and Officer Joseph Harris

## **Certificate of Compliance Pursuant to Fed.R.App. 32(a)(7)(C)**

## **and Circuit Rule 32-1 for Case Number 11-35285**

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule

32-1, the attached Brief of Appellees Captain Glenn Farrell and Officer Joseph

Harris is proportionately spaced, has a typeface of 14 points or more and contains

6,066 words.

DATED this 13th day of October, 2011.

CRIST, KROGH & NORD, LLC

By: _____ /s/ Harlan B. Krogh _____

Attorneys for Appellees Officer
Glenn Farrell and Officer Joseph
Harris

## <u>STATEMENT OF RELATED CASES</u>

There are no related cases.

DATED this 13th day of October, 2011.

<div style="margin-left: 50%;">

CRIST, KROGH & NORD, LLC

By:     /s/ Harlan B. Krogh

Attorneys for Appellees Officer
Glenn Farrell and Officer Joseph
Harris

</div>

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing Brief of Appellees Captain Glenn Farrell and Officer Joseph Harris was electronically filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on the 13th day of October, 2011. Participants in this case who are registered CM/ECF users will be served the appellate CM/ECF system.

DATED this 13th day of October, 2011.

CRIST, KROGH & NORD, LLC

By: ___/s/ Harlan B. Krogh_____

Attorneys for Appellees Officer Glenn Farrell and Officer Joseph Harris