**FILED**

**NOT FOR PUBLICATION**

MAY 21 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER LEROY GOOLSBY,<br><br>         Plaintiff - Appellant,<br><br>  v.<br><br>DARREN RANEY, individually and as the Chief of Police and as agent of the City of Livingston; GLENN FARRELL, Captain, individually and as agent of the City of Livingston; JOSEPH HARRIS, Officer, individually and as agent of the City of Livingston; JAY O'NEILL, Captain, individually and as agent of Park County; CLARK CARPENTER, individually and as agent and Sheriff of Park County; THE CITY OF LIVINGSTON, a political subdivision of the State of Montana; PARK COUNTY, a political subdivision of the State of Montana,<br><br>         Defendants - Appellees. | No. 11-35285<br><br>D.C. No. 1:08-cv-00111-CSO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 9, 2012[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BYBEE, Circuit Judges.

Peter Leroy Goolsby ("Goolsby") appeals the district court's grants of summary judgment to defendants on his state and federal claims stemming from his traffic stop, arrest, detention, and prosecution in Park County, Montana. He also appeals the district court's partial denial of his motion for an extension of time to conduct additional discovery pursuant to Federal Rule of Civil Procedure 56(f). Because he has not met his evidentiary burdens, we affirm the district court.

I.  **Rule 56(f) Motion**

The district court did not abuse its discretion in denying in part Goolsby's Rule 56(f) motion for an extension of time to conduct additional discovery.[1] Goolsby has not shown that "the facts sought exist [or that] the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Former Rule 56(f) now appears as Rule 56(d) after an amendment to the Federal Rules of Evidence.

2

## II. Grant of Qualified Immunity on Federal Claims

The district court properly granted qualified immunity to Livingston Police Department officials Darren Raney ("Raney"), Glenn Farrell ("Farrell"), and Joseph Harris ("Harris") because Goolsby has not shown that any conduct attributable to them "violate[d] clearly established statutory or constitutional rights." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citation omitted).

## III. Summary Judgment to Park County Defendants

The district court properly granted summary judgment on all claims to Park County Sheriff Clark Carpenter, Park County Captain Jay O'Neill, and Park County (collectively, "Park County Defendants").

Summary judgment was proper on Goolsby's medical needs claims because he has not shown that prison officials exhibited "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Similarly, summary judgment in favor of defendants on Goolsby's negligence claims with respect to medical needs was proper because he has not shown how any duty was breached by Park County Defendants, nor any damages, nor how any alleged breach caused any alleged damages, as required by Montana law. *See, e.g.*, *Fisher v. Swift Transp. Co.*, 181 P.3d 601, 606 (Mont. 2008).

3

Summary judgment in favor of Park County Defendants was also proper on Goolsby's state and federal claims concerning jail conditions because, even taking them as true, they do not amount to "extreme deprivations" of the "minimal civilized measures of life's necessities" occurring through the "deliberate indifference" of prison personnel or officers. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations omitted); *see Wilson v. Seiter*, 501 U.S. 294, 302–03.[2] Goolsby's other state and federal claims against the Park County Defendants are also without merit.

Given that summary judgment was proper as to all of Goolsby's substantive claims, his claims for emotional distress and punitive damages also necessarily fail.

**IV.   Motion to Quash**

It was within the district court's broad discretion over discovery to grant Farrell's and Harris's motion to quash discovery as it pertained to their personnel files. The materials contained in the files were properly deemed not "relevant" for the purposes of Federal Rule of Civil Procedure 26(b)(1)—that is, not "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted).

---

[2] Because Goolsby's federal constitutional challenges to his conditions of confinement fail, so too do his Montana constitutional challenges. *See, e.g*, *Wilson v. State*, 249 P.3d 28, 33 (Mont. 2010) ("We look to federal law for guidance on the issue of cruel and unusual punishment.").

**V.     Summary Judgment to City of Livingston as to All Claims**

The grant of summary judgment to the City of Livingston ("City") as to all state and federal claims was also proper. Per above, Goolsby failed to show any violation of his constitutional rights at the hands of Raney, Farrell, Harris, or any other City official, let alone a City policy that might have been responsible for any alleged violation, as is required for municipal liability in Section 1983 actions. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Goolsby's argument as it pertains to the district court's grant of summary judgment on his state law claims against the City fails because he similarly failed to show any violations of state law by any City officials.

**VI.    Conclusion**

Because Goolsby has not made a showing of any genuine issue of material fact as to any of his state or federal claims against any of the defendants, the district court ruling is **AFFIRMED.**